UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

| | | |
|---|---|---|
| SEKO CUSTOMS BROKERAGE, INC., | : | |
| Plaintiff, | : | Court No. 24-00097 |
| v. | : | **PUBLIC** |
| UNITED STATES, | : | |
| Defendant. | : | |

## DEFENDANT'S RESPONSE TO CHIEF JUDGE BARNETT'S QUESTIONS

The United States (Defendant or Government) respectfully submits the following answers to the questions posed by Chief Judge Barnett during a Teams Conference held on June 3, 2023 (ECF No. 12). These answers reflect the Government's current understanding of the issues involved in the case and the Government reserves the right to provide more fulsome information regarding these issues when it provides its response to the complaint and the motions for a temporary restraining order and preliminary injunction.

**Question 1**: *Has U.S. Customs and Border Protection (CBP) reinstated SEKO Customs Brokerage, Inc. (SEKO or Plaintiff) into both the Automated Commercial Environment Entry Type 86 Test (T86) and Customs Trade Partnership Against Terrorism (CTPAT) programs? If so, is that reinstatement unconditional?*

**Government's Response**: Yes, Customs has reinstated Plaintiff into both programs. As explained by letter from CBP to Plaintiff's counsel dated May 31, 2024 (attached hereto as Exhibit A), CBP reinstated Plaintiff's participation in the CTPAT program for a period of 90 days from the date of that letter (*i.e.*, until August 29, 2024). Likewise, as explained by letter from CBP to Plaintiff's counsel dated May 31, 2024 (attached hereto as Exhibit B), CBP

1

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

reinstated Plaintiff's participation in the T86 program for a period of 90 days from the date of that letter (*i.e.*, until August 29, 2024). Accordingly, Plaintiff is currently able to participate in both programs in the same manner as all other program participants until August 29, 2024.

As both letters make clear, however, Plaintiff's continued participation in both programs after August 29, 2024, is dependent on certain conditions being met. These conditions reflect CBP's efforts to engage Plaintiff in the administrative process and work towards Plaintiff's continued participation in the programs while ensuring that Plaintiff remains in compliance with all program requirements.

The conditions for Plaintiff's continued participation in the T86 program after August 29, 2024, as outlined in the letter from Customs to Plaintiff's counsel, require that Plaintiff:



- █████████████████████████████████████
  █████████████████████████████████████; and

- █████████████████████████████████████

The letter also alerts Plaintiff that it ███████████████████████████
████████████████████████████████████████████████████
████████████

The conditions for Plaintiff's continued participation in the CTPAT program after August 29, 2024, as outlined in the letter from CBP to Plaintiff's counsel, require that Plaintiff must, at a minimum:

<p style="color:red; text-align:center;"><b>THIS PAGE CONTAINS CONFIDENTIAL INFORMATION</b></p>



- [REDACTED]

- [REDACTED]

- [REDACTED] ; and

- [REDACTED]

**Question 2**: *The CTPAT program is codified into law by 6 U.S.C. § 967. Where can the Court find the processes and procedures for CTPAT participants who face suspension from, or other adverse action in relation to, the CTPAT program?*

**Government's Response:**

The Government identifies the following sources:

- 6 U.S.C. § 967, a subsection of the Security and Accountability for Every Port Act of 2006 (Safe Port Act), 6 U.S.C. § 961 *et seq.*;

- CTPAT Bulletin - Suspension Removal Appeals and Reinstatement Processes August 2021 (cbp.gov);

- CTPAT Trade Compliance Handbook September 2023 (cbp.gov);

- CTPAT Minimum Security Criteria | U.S. Customs and Border Protection (cbp.gov); and

- CTPAT - Minimum Security Criteria - U.S. Customs Brokers (cbp.gov)

The SAFE Port Act provides that the Commissioner of CBP may deny a CTPAT partner's benefits if the partner's "security measures and supply chain security practices fail to

meet any of the requirements" of the program. 6 U.S.C. § 967(a). A partner may appeal such a decision within 90 days after the date of the decision, and the Secretary shall issue a determination not later than 180 days after the appeal is filed. 6 U.S.C. § 967(c). CBP may suspend or remove a partner's benefits if the partner fails to meet minimum security criteria, fails to meet eligibility requirements, fails to comply with laws, regulations, and rules, and fails to adhere to the CTPAT Partner Agreement to Voluntarily Participate. See [CTPAT Bulletin - Suspension Removal Appeals and Reinstatement Processes August 2021 (cbp.gov)](#).

     Currently, there are no regulations that govern the appeals and/or reinstatement process for CTPAT partners. However, CBP has developed internal processes and procedures that govern appeals and reinstatements. Much of these processes and procedures are publicly available on the CBP website. See [CTPAT Bulletin - Suspension Removal Appeals and Reinstatement Processes August 2021 (cbp.gov)](#); [CTPAT Trade Compliance Handbook September 2023 (cbp.gov)](#); [CTPAT Minimum Security Criteria | U.S. Customs and Border Protection (cbp.gov);](#) [CTPAT - Minimum Security Criteria - U.S. Customs Brokers (cbp.gov)](#). Additional information concerning Minimum Security Criteria (MSC), including a CTPAT MSC Importer Booklet, is available to CTPAT partners through the CTPAT Portal. In addition, for CTPAT partners that have been temporarily suspended from the program, the requirements for reinstatement are specified in the temporary suspension letter directed to that partner. See [CTPAT Bulletin - Suspension Removal Appeals and Reinstatement Processes August 2021 (cbp.gov).](#)

     CTPAT partners that are suspended or removed may appeal such a decision to CBP Headquarters. Appeals should include all relevant information that demonstrates how the company has addressed the issues which resulted in the suspension or removal or provide

corrected factual information in the case where a company claims that a mistake of fact or other misunderstanding was the underlying cause of the suspension or removal. Information to be provided to CBP as part of the appeal may include, but is not limited to, providing evidence of completed actions required; completing validation responses; completing security profile updates; cooperating in reviews of security breaches; and/or providing other documented evidence as requested by CTPAT. *See* [CTPAT Bulletin - Suspension Removal Appeals and Reinstatement Processes August 2021 (cbp.gov).](#)

   The SAFE Port Act requires the CTPAT program to make a decision on the partner's appeal within 180 calendar days from the date on which the appeal is filed. 6 U.S.C. § 967(c). The appeal review time frame begins on the date the appeal is received from the partner by CTPAT. The partner will be notified in writing of the result of the appeal to the suspension or removal. *See* [CTPAT Bulletin - Suspension Removal Appeals and Reinstatement Processes August 2021 (cbp.gov)](#). To be reinstated into the program after an incident or violation, the company must agree to a corrective action plan which identifies specific objectives and timeframes within which those objectives should be reached. When CTPAT management has determined a partner has met all necessary requirements for reinstatement of benefits, the partner may be reinstated. A partner may be "conditionally reinstated" if further follow-up is required by the CTPAT program to ensure the partner remains in compliance with program requirements. The reinstatement letter will contain the conditions of the reinstatement that must be met in order to remain a partner, in good standing, in the program. A partner may be fully reinstated if they have met all of the conditions or requirements contained in their suspension/removal letter. *See* [CTPAT Bulletin - Suspension Removal Appeals and Reinstatement Processes August 2021 (cbp.gov).](#)

As discussed in response to Question 1, *supra*, CBP has (1) conditionally reinstated Plaintiff into the CTPAT program through August 29, 2024, and (2) provided certain conditions Plaintiff must meet to continue in the program beyond that date. Through August 29, 2024, therefore, Plaintiff is able to enjoy the full benefits of the program. After that time, Plaintiff's participation in the program will depend on its meeting the conditions set forth by CBP. Accordingly, at this time, CBP has not made a final determination as to Plaintiff's status in the program. CBP intends to continue to engage with Plaintiff over the next 30 to 90 days as part of the administrative process to try and resolve the outstanding issues. Should CBP ultimately decide to remove Plaintiff from the CTPAT program, CBP would adhere to the appropriate procedures and processes as described above, and ultimately make a final determination as to Plaintiff's status in the program.

**Question 3**:   *How much time does the Government anticipate needing to respond to Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction?*

**Government's Response**:     The Government respectfully requests three weeks from the date Plaintiff filed its motion to file its response, which is the amount of time contemplated by the Rules of this Court. This would make the Government's response due on or before June 24, 2024. The Government anticipates filing both an opposition to Plaintiff's motion for temporary restraining order/preliminary injunction and a motion to dismiss Plaintiff's complaint. Three weeks is necessary for the Government to consult with the agency to analyze the relevant factual record and develop its legal arguments for its anticipated motion. This case presents novel issues relating to both the T86 and CTPAT programs and the Government's response will therefore require coordination with numerous components within the agency.

Not only is three weeks consistent with the Rules of this Court, but it also will not prejudice Plaintiff, who, as explained in response to Questions 1 and 2, *supra*, has been reinstated in both the T86 and CTPAT programs and is therefore able to participate in both programs during the pendency of the briefing. Accordingly, a further expedited response from the Government sooner than three weeks is not warranted by the circumstances.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General
        Civil Division

        PATRICIA M. McCARTHY
        Director

BY:       /s/ Justin R. Miller
        JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

        /s/ Edward Kenny
        EDWARD KENNY
        Senior Trial Counsel

        /s/ Nico Gurian
        NICO GURIAN
        Trial Attorney
        Department of Justice, Civil Division
        Commercial Litigation Branch
        26 Federal Plaza, Room 346
        New York, New York 10278
        (212) 264-0583 or 9230

Dated: June 4, 2024       *Attorneys for Defendant*