**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| SEKO CUSTOMS BROKERAGE, INC.,<br>　　　　　　　　*Plaintiff,*<br>　　v.<br>UNITED STATES,<br>　　　　　　　　*Defendant.* | Court No. <u>24-cv-00097</u><br><br>**NON-CONFIDENTIAL** |

### PROPOSED ORDER

Upon consideration of Plaintiff's Motion For Expedited Briefing and Expedited Consideration, and all of the pleadings and papers on file herein, and after due deliberation, it is hereby —

**ORDERED** that Plaintiff's Motion For Expedited Briefing and Expedited Consideration is granted; and it is further

**ORDERED** that the schedule in this matter shall be as follows:

- By June 11, 2024 – Defendant shall file its response to Plaintiff's Motion to Expedite Brief and Consideration.

- By June 17, 2024 – Plaintiff shall file its reply to Defendant's response to Plaintiff's Motion to Expedite Brief and Consideration.

- By June 18, 2024 – Defendant shall file its answer to the Complaint or any motion pursuant to Rules 12(b) or 12(c) of the Rules of this Court. Further, Defendant shall file its response to Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction.

- By June 25, 2024 – Plaintiff shall file its response to any motion to dismiss, as well as its reply to Defendant's response to Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction.

- By July 1, 2024 – Defendant shall file its reply to Plaintiff's response to any motion to dismiss.

- Oral argument may be arranged if determined by the Court to be warranted.

- If the Court denies any motion by Defendant, Defendant shall file its answer within 5 days of being served with notice of the Court's action.

- Within five days of the Court's ruling on any motions filed under Rules 12(b) or 12(c), the parties shall file an additional expedited scheduling order setting forth an expedited schedule for the remainder of this case.

                                                HON. CLAIRE R. KELLY, JUDGE

Dated: New York, New York

This _____ day of _____, 2024.

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| SEKO CUSTOMS BROKERAGE, INC., <br>       *Plaintiff,* <br> v. <br> UNITED STATES, <br>       *Defendant.* | Court No. <u>24-cv-00097</u> <br><br> **NON-CONFIDENTIAL** |

**PLAINTIFF'S MOTION FOR EXPEDITED BRIEFING AND EXPEDITED CONSIDERATION**

In accordance with Rules 1, 3(g), and 7 of the Rules of the United States Court of International Trade ("USCIT"), Plaintiff SEKO Customs Brokerage, Inc. ("Plaintiff" or "SEKO"), hereby respectfully requests that the Court order expedited treatment of Plaintiff's action contesting United States Customs and Border Protection's ("Defendant'" or "CBP") suspension of SEKO's participation in the Automated Commercial Environment Entry Type 86 Test ("T86") and Customs-Trade Partnership Against Terrorism ("CTPAT") programs.

As described more fully in the memorandum in support of this Motion, expedited consideration is justified in light of the imminent, irreparable daily harm caused by Defendant's unlawful actions, which has severely damaged Plaintiff's business reputation and its inability to compete in the marketplace.

In support of this Motion, Plaintiff relies upon its Complaint, the accompanying Declarations of James Gagne and Lila Landis, and the accompanying exhibits in support thereof (ECF Nos. 2 and 19); its Application for Temporary Restraining Order and Motion for Preliminary Injunction, including the memorandum of points and authorities in support thereof (ECF Nos. 8 and 21); its Reply to Defendant's Response to Chief Judge Barnett's Questions (ECF Nos. 23 and 24); as well as the following Memorandum of Points and Authorities in Support of its Motion to

Expedite Briefing and Consideration. A proposed order is attached to this motion for the Court's consideration.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiff's Motion For Expedited Briefing and Expedited Consideration. Likewise, Plaintiffs respectfully request that the Court issue a scheduling order that would permit this case to be heard on an expedited basis before Plaintiff suffers further irreparable harm.

Respectfully submitted,

Dated:  June 7, 2024  
_____  
Eric R. Rock, Attorney

Serhiy Kiyasov  
Austin J. Eighan  
Rock Trade Law LLC  
134 North LaSalle Street, Suite 1800  
Chicago, Illinois 60602  
312-824-6191 (telephone)  
erock@rocktradelaw.com (e-mail)

*Counsel For SEKO Customs Brokerage, Inc.*

2

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

ARGUMENT .................................................................................................................................. 1

I.     Further Delay Deprives the Requested Relief of Much of Its Value ................................ 2

II.    Further Delay Imposes Extraordinary Hardship on SEKO .................................................. 4

III.   The Administrative Record Contains the Information Necessary to Rule on this Case ..... 6

PROPOSED EXPEDITED BRIEFING SCHEDULE .................................................................. 6

CONCLUSION .............................................................................................................................. 8

CERTIFICATE OF COMPLIANCE ............................................................................................. 9

CERTIFICATE OF SERVICE .................................................................................................... 10

**TABLE OF AUTHORITIES**

**Cases**

*Ontario Forest Indus. Ass'n v. United States*,
444 F. Supp. 2d 1309 (Ct. Int'l Trade 2006) ........................................................................2

**Statutes**

28 U.S.C. § 1657(a) ...............................................................................................................1, 2

**Other Authorities**

CBP, *Statement from CBP Acting Commissioner Troy Miller
on New Efforts to Enhance Enforcement and Prevent Exploitation
in the De Minimis Environment* (May 31, 2024) ..................................................................5

H.R. REP. NO. 98-985 (1984),
*as reprinted in* 1984 U.S.C.C.A.N. 5779...............................................................................2

USCIT Rule 1 .............................................................................................................................1

USCIT Rule 3(g)........................................................................................................................1

USCIT Rule 3(g)(5) ...............................................................................................................1, 2

USCIT Rule 7 .............................................................................................................................1

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| SEKO CUSTOMS BROKERAGE, INC., *Plaintiff,* v. UNITED STATES, *Defendant.* | Court No. **24-cv-00097** NON-CONFIDENTIAL |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED BRIEFING AND CONSIDERATION**

In accordance with Rules 1, 3(g), and 7 of the Rules of the United States Court of International Trade ("USCIT"), Plaintiff SEKO Customs Brokerage, Inc. ("Plaintiff" or "SEKO"), respectfully requests that the Court order expedited treatment of Plaintiff's action contesting United States Customs and Border Protection's ("Defendant'" or "CBP") suspension of SEKO's participation in the Automated Commercial Environment Entry Type 86 Test ("T86") and Customs-Trade Partnership Against Terrorism ("CTPAT") programs. Pursuant to Rule 3(g) of the Rules of this Court, "the court may expedite . . . [a]ny other action that the court determines, based on motion and for good cause shown, warrants expedited treatment." USCIT Rule 3(g). As explained below, there is good cause for the Court to order expedited treatment of this action.

**ARGUMENT**

Under 28 U.S.C. § 1657(a) and Rule 3(g)(5) of the Rules of this Court, the court may expedite an action for good cause if, in a factual context, the request has merit. 28 U.S.C. § 1657(a); USCIT Rule 3(g)(5). Because such a determination is based on a fact-specific inquiry, this Court has found that good cause exists under any of the three following circumstances: (1) in

1

a case in which failure to expedite would result in mootness or deprive the relief requested of much of its value; (2) in a case in which failure to expedite would result in extraordinary hardship to a litigant; and (3) actions where the public interest in enforcement of the statute is particularly strong. *Ontario Forest Indus. Ass'n v. United States*, 444 F. Supp. 2d 1309, 1319 (Ct. Int'l Trade 2006) (citing H.R. REP. NO. 98-985, at 6 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 5779, 5784); USCIT Rule 3(g)(5). Because such a determination is based on a fact-specific inquiry, the Court asks whether declining to expedite the matter at issue would "deprive relief of much of its value," impose "extraordinary hardship" upon the litigant, or undermine the enforcement of the statue where the public interest is particularly strong. *Ontario*, 444 F. Supp. 2d at 1319; *see* 28 U.S.C. § 1657(a).

In this case, good cause warrants expedited briefing and consideration of Plaintiff's appeal because SEKO has and is currently suffering substantial business losses due to reputational harm; lost goodwill and the confidence of long-standing customers; and the inability to compete in the marketplace as required under current contractual obligations and upcoming bids for new business.

## I.     Further Delay Deprives the Requested Relief of Much of Its Value

Plaintiff's suspension from participation in the T86 and CTPAT programs has resulted in ongoing losses to its business and jeopardizes its technology and labor investments tied to T86 entry filing. *See* Complaint (ECF Nos. 2 and 19), at ¶¶ 48–53; *see also* Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction, at 7–11 (ECF Nos. 8 and 21); Plaintiff's Reply to Defendant's Response to Chief Judge Barnett's Questions (ECF Nos. 23 and 24). Without expedited briefing and consideration concerning Plaintiff's suspensions, these injuries continue to compound daily as more clients abandon SEKO in favor of competitors. This

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

will continue to occur until SEKO is unconditionally reinstated and has clarity concerning its trade compliance record.

At present, without relief having yet been provided by the Court, Defendant's unlawful suspensions have resulted in a [[           ]] in the number of low value shipments offered to SEKO for clearance, equating to a drop in business of approximately [[            ]] in this product sector for T86 entries, resulting in an immediate loss of profit in excess of [[            ]] for current and existing clients. *See* Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction, Exhibit A, at ¶ 16. In addition, Plaintiff had already been awarded additional business from new clients [[            ]] for T86 entries representing annualized profit in excess of [[            ]] that can no longer be implemented and realized as a result of the suspension letter. *Id.* The damages to Plaintiff's reputation have extended beyond its current T86 customers, as potential and existing clients whose shipments are not imported through the T86 entry filing process have also begun to question Plaintiff's trade compliance. *See* Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction, Exhibit A, at ¶¶ 18–19.

In order to mitigate the harmful consequences associated with Defendant's unsupported allegations, Plaintiff has requested relief from this Court in the form of a temporary restraining order, preliminary injunction, as well as a declaratory judgement. The relief sought specifically requests that the Court rescind Plaintiff's suspensions from the T86 and CTPAT programs, force Defendant to fully and unconditionally reinstate Plaintiff into these programs, as well as compel Defendant's provision of the specific transactions and specific underlying facts used to identify alleged T86 entry violations.

Although Defendant has provided Plaintiff with "conditional reinstatements" into the T86 and CTPAT programs, the agency's reversal of the prior suspensions are still calling for remedial action based on unidentified violations which may not even exist. *See* Complaint, at ¶¶ 51–53; Complaint, Exhibit I; Plaintiff's Reply to Defendant's Response to Chief Judge Barnett's Questions, at 2–5. For example, as a reinstatement condition, Defendant demands that Plaintiff submit a remedial action plan correcting the alleged T86 entry filing violations based on Defendant's review of a number of sample T86 entries. *Id*. However, Defendant refuses to provide the details required to create a remedial action plan that addresses the cause of any specific violations.

Meanwhile, Plaintiff continues to suffer substantial reputational harm based on its suspension from the T86 and CTPAT programs. Failure to expedite briefing and consideration on this matter exacerbates the imminent, irreparable harm faced by the Plaintiff and good cause exists for the Court to expedite briefing and consideration of this matter. The longer this is delayed, issuing injunctive relief becomes less meaningful and the requested relief loses its value, which is the very basis for this Motion.

## II.    Further Delay Imposes Extraordinary Hardship on SEKO

Failure to expedite briefing and consideration of this matter exposes the Plaintiff to ongoing reputational harm. SEKO receives daily inquiries from existing customers seeking clarity on the company's filing status and trade compliance record for T86 and CTPAT based on the suspensions issued by CBP. SEKO is unable to identify violations or craft an action plan to assure its clients of its processes and internal controls which have been put in jeopardy by CBP inferring that any broker suspended has allowed widespread fraud to occur. The following details highlight this hardship.

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

On May 20, 2024, CBP issued its T86 suspension to letter to SEKO. *See* Complaint, at ¶ 46; Complaint, Exhibit G. In the letter, CBP noted that SEKO's suspension came as a result of [[                                                                                       ]]. *Id.* CBP's suspension of SEKO's T86 participation was scheduled to take effect on May 27, 2024. *Id.* At no point in the T86 suspension letter did CBP correlate the alleged filing violations with specific entries individually reviewed by CBP. *Id.*

On May 21, 2024, one day after receiving its T86 Suspension Letter, SEKO received a notification from its online retailer customer, [[        ]], stating that CBP had made public an internal memo, in which SEKO was listed as a customs broker who would be prohibited from filing T86 customs entries beginning May 30, 2024. *See* Complaint, at ¶ 46; Complaint, Exhibit H. This client communication evidenced that CBP's anticipated suspension of SEKO's participation in the T86 and CTPAT programs was already leaked into the public domain. *Id.*

On May 31, 2024, CBP issued a press release indicating that multiple broker suspensions had occurred because their entries posed an "unexpectable compliance risk." *See* CBP, *Statement from CBP Acting Commissioner Troy Miller on New Efforts to Enhance Enforcement and Prevent Exploitation in the De Minimis Environment* (May 31, 2024), available at https://www.cbp.gov/newsroom/announcements/statement-cbp-acting-commissioner-troy-miller-new-efforts-enhance. CBP also indicated that "bad actors" are exploiting the T86 program to introduce drugs and other contraband. *Id.* The agency also indicated that any suspended brokers will be considered for reinstatement if it demonstrates it has developed a remedial action plan to address compliance violations.

To date, SEKO is the only customs broker to be publicly identified as a broker suspended by CBP. *See* Complaint, at ¶ 46. All of its customers now infer from CBP's press release that

5

SEKO is an "unacceptable compliance risk" and they harmfully and erroneously infer from CBP's press release that SEKO may have facilitated the importation of drugs and other contraband. However, CBP still cannot and will not provide a report of SEKO's violations. The agency has recklessly identified SEKO as an unacceptable trade compliance risk but will not identify its violations. Each day that goes by the reputational harm exponentially increases.

Delay in establishing an expedited schedule in this case will compound unrecoverable business losses and future inability to regain shipments lost to other less arduous *de minimis* clearance processes (like mail shipments and manifest clearances which do not require any data to be transmitted to CBP), while penalizing a charter participant in the T86 program.

### III. The Administrative Record Contains the Information Necessary to Rule on this Case

No discovery or testimony will be required for the Court to rule on this matter. SEKO's claims are grounded in circumstances that are fully documented in the administrative record in this investigation. As such, there will be little burden on the parties or on the Court's docket if this case is scheduled for expedited briefing and consideration.

### **PROPOSED EXPEDITED BRIEFING SCHEDULE**

Because there is good cause to expedite this matter, Plaintiff respectfully requests that the Court enter the following expedited briefing schedule:

- By June 11, 2024 – Defendant shall file its response to Plaintiff's Motion to Expedite Brief and Consideration.

- By June 17, 2024 – Plaintiff shall file its reply to Defendant's response to Plaintiff's Motion to Expedite Brief and Consideration.

- By June 18, 2024 – Defendant shall file its answer to the Complaint or any motion pursuant to Rules 12(b) or 12(c) of the Rules of this Court. Further, Defendant shall file its response to Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction.

- By June 25, 2024 – Plaintiff shall file its response to any motion to dismiss, as well as its reply to Defendant's response to Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction.

- By July 1, 2024 – Defendant shall file its reply to Plaintiff's response to any motion to dismiss.

- Oral argument may be arranged if determined by the Court to be warranted.

- If the Court denies any motion by Defendant, Defendant shall file its answer within 5 days of being served with notice of the Court's action.

- Within five days of the Court's ruling on any motions filed under Rules 12(b) or 12(c), the parties shall file an additional expedited scheduling order setting forth an expedited schedule for the remainder of this case.

Plaintiff believes that the forgoing schedule will provide sufficient time to resolve this matter and limit the harmful impact of the Defendant's unlawful suspensions on Plaintiff.

Plaintiff has circulated a copy of the forgoing schedule to the Defendant, who has denied consent to the schedule.

With regards to a potential stay in this matter and as highlighted by the Court during the Telephone Conference with all parties on June 7, 2024 (ECF No. 27), Plaintiff has requested production of the information underlying the alleged violations and Defendant has indicated today that they do not have any report of violations at this time. As such, a stay to discuss compliance with a conditional reinstatement is unnecessary at this time.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff, SEKO Customs Brokerage, Inc., respectfully requests that this Court grant its Motion for Expedited Briefing and Consideration. A proposed order is attached.

                                                                          Respectfully submitted,

Dated:  June 7, 2024

Eric R. Rock, Attorney

Serhiy Kiyasov
Austin J. Eighan
Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6191 (telephone)
erock@rocktradelaw.com (e-mail)

*Counsel For Plaintiff SEKO Customs Brokerage, Inc.*

**CERTIFICATE OF COMPLIANCE**

    I, Eric R. Rock, hereby certify that this brief complies with the 14,000 word-count limitation of the United States Court of International Trade set forth in Standard Chambers Procedure § 2(B)(1) because this brief contains 1,976 words. In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare this brief.

Dated:  June 7, 2024

Respectfully submitted,

Eric R. Rock, Attorney

Serhiy Kiyasov
Austin J. Eighan
Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6191 (telephone)
erock@rocktradelaw.com (e-mail)

*Counsel For Plaintiff SEKO Customs Brokerage, Inc.*

## CERTIFICATE OF SERVICE

      I, Eric R. Rock, one of the attorneys for the Plaintiff, certify that a copy of the foregoing was served on all parties by sending a copy via the U.S. Court of International Trade's CM/ECF System, this Friday, June 7, 2024, addressed to each party or its attorney of record at the address(es) listed below.

Attorney-in-Charge
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza - Room 346
Civil Division
New York, NY 10278
(212) 264-9230
civil.itfoecf@usdoj.gov

Edward F. Kenny
Senior Trial Counsel
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-0480 or (202) 305-5216
edward.kenny@usdoj.gov

Nico Gurian
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-0583 or 9230
nico.gurian@usdoj.gov

Alexandra Khrebtukova
U.S. Customs & Border Protection
26 Federal Plaza, Suite 258
New York, NY 10278
(202) 845-6431
alexandra.khrebtukova@cbp.dhs.gov

Zachary Simmons
U.S. Customs & Border Protection
26 Federal Plaza, Suite 258
New York, NY 10278
(646) 341-2726
zachary.s.simmons@cbp.dhs.gov

Jennifer L. Petelle
U.S. Customs and Border Protection
Office of the Chief Counsel
1300 Pennsylvania Ave., NW
Washington, D.C. 20229
(202) 344-2940
jennifer.l.petelle@cbp.dhs.gov

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated:   June 7, 2024 | /s/ Eric R. Rock |
| | Eric R. Rock, Attorney |
| | Serhiy Kiyasov |
| | Austin J. Eighan |
| | Rock Trade Law LLC |
| | 134 North LaSalle Street, Suite 1800 |
| | Chicago, Illinois 60602 |
| | 312-824-6191 (telephone) |
| | erock@rocktradelaw.com (e-mail) |
| | *Counsel For Plaintiff SEKO Customs Brokerage, Inc.* |