UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. CLAIRE R. KELLY, JUDGE

---

| | | |
|---|---|---|
| SEKO CUSTOMS BROKERAGE, INC., | : | |
| | : | |
| Plaintiff, | : | Court No.  24-00097 |
| | : | |
| v. | : | **PUBLIC** |
| | : | |
| UNITED STATES, | : | |
| Defendant. | : | |
| | : | |

---

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED BRIEFING AND EXPEDITED CONSIDERATION

The United States (Defendant or Government) respectfully responds to plaintiff's, SEKO Customs Brokerage, Inc. (Plaintiff or SEKO), motion for expedited briefing and expedited consideration (ECF No. 29).  The Court should deny plaintiff's motion because plaintiff has failed to demonstrate that good cause exists to expedite briefing in this matter beyond the already expedited schedule set by the United States Court of International Trade (USCIT) Rules for motions for injunctive relief.  In addition, as explained in detail below, U.S. Customs and Border Protection (CBP) has now provided plaintiff with further detailed information regarding the identified violations and remedial actions that CBP expects Plaintiff to take as part of the ongoing administrative process in this matter.  Accordingly, the Government submits that there is no further relief the Court can provide to plaintiff.

Plaintiff filed its motion for motion for preliminary injunction on June 1, 2024.  Accordingly, pursuant to USCIT Rules, the Government's response to plaintiff's motion is due on June 24, 2024.  Plaintiff proposes that the Government files its response on June 18, 2024.  The Government respectfully submits that the additional week as contemplated by the Rules is necessary for the Government to both coordinate its response with CBP and develop its legal

arguments.  Agency counsel is working diligently to gather the relevant information concerning

CBP's suspension and conditional reinstatement of plaintiff's participation in both the Customs

Trade Partnership Against Terrorism (CTPAT) and the Automated Commercial Environment

Entry Type 86 Test (ET86 Test).  However, plaintiff's claims involve novel issues relating to

two separate programs, and the United States needs the additional week to provide Government

counsel with fulsome information.  Moreover, in addition to opposing plaintiff's request for

injunctive relief, the Government intends to seek dismissal of plaintiff's complaint upon

numerous legal bases.  Accordingly, the Government also needs the additional week to both

develop these arguments and get the internal approvals necessary to file.

Plaintiff's motion fails to demonstrate why it would be prejudiced should the Court

follow the already-expedited briefing schedule envisioned by the USCIT Rules and give the

Government until June 24 to respond to plaintiff's motion for injunctive relief.  Plaintiff's action

seeks relief from this Court in the form of: (1) rescission of plaintiff's suspension from CTPAT

and ET86 Test; (2) an order that CBP "fully unconditionally reinstate" plaintiff into CTPAT and

ET86 Test; and (3) an order "compel[ling] Defendant's provision of the specific transactions and

specific underlying facts used to identify alleged [E]T86 entry violations."  Pls. Mot. for

Expedited Briefing at 3.  Plaintiff has failed to provide an adequate explanation for why, based

on the relief it seeks from the Court, it would be an "extraordinary hardship" to allow the

Government to respond by June 24.  This is particularly so because plaintiff has already received

the relief it seeks.

First, as the Government as previously explained, CBP has already conditionally

reinstated plaintiff into both CTPAT and the ET86 Test.  *See* Def's. Resp. to Chief J. Barnett's

Questions (ECF No. 20) and Exhibits attached thereto.  Plaintiff is therefore currently able to

participate in both programs in the same manner as other CTPAT and ET86 Test participants until August 29, 2024.  Accordingly, the extremely expedited schedule plaintiff seeks is not necessary for the first, and most salient, prong of the relief it requests, because that relief has already been provided.  It also means that during this timeframe plaintiff can confidently reassure its current and potential clients that it is currently both CTPAT validated and able to file ET86 entries.

Second, plaintiff's insistence that it be fully and unconditionally reinstated in both the CTPAT program and the ET86 Test has no basis in the law and does not support a further shortening of the briefing schedule.  To begin with, no broker or importer, including plaintiff, has an unfettered right to participate in either CTPAT or the ET86 Test and its request ignores CBP's prerogative in monitoring and ensuring safety and compliance in the programs it administers.  *See* 6 U.S.C. § 211(c)(1)-(4), (6), (14)(B).  Plaintiff therefore cannot receive this relief from the Court.  In addition, plaintiff's insistence that it will face "extraordinary hardship" absent further shortening of the briefing schedule because of reputational harm or business losses related to the conditional nature of its reinstatement in CTPAT and the ET86 Test is uncompelling.  First, relief from this Court will not remedy any alleged reputational harm or business losses plaintiff has suffered up until this point.  Second, to the extent plaintiff continues to suffer alleged reputational harm or business losses, such injury does not rise to the level necessary for "good cause" under the Rules of this Court, particularly when the Government has already consented to a shortened time to respond.[1]

---

[1] Plaintiff cites *Ontario Forest Indus. Assoc. v. United States*, 444 F. Supp. 2d 1309 (Ct. Int'l Trade 2006) for the "good cause" standard, but that case found that "good cause" was not met, even though the plaintiff had asserted a Due Process claim under the Fifth Amendment.  *See id.* at 1319-20.  And the situation in this case is starkly dissimilar from the example of "extraordinary hardship" provided by the legislative history cited to in that case and relied on by

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

Third, subsequent to the June 7th conference with the Court, the United States provided plaintiff with the relief it seeks with respect to further information regarding "specific transactions and specific underlying facts used to identify alleged [E]T86 entry violations." Pls. Mot. for Expedited Briefing at 3. The Government can confirm to the Court that CBP issued a letter to plaintiff's counsel today, June 11, 2024, providing plaintiff with examples of violations discovered by CBP in connection with ET86 entries filed by plaintiff. *See* June 11, 2024, Letter from CBP to SEKO (June 11, 2024 letter) (annexed hereto as Exhibit A).[2] The June 11, 2024 letter provides plaintiff with an in-depth breakdown of the myriad compliance issues identified by CBP in its analysis of both the ten entries for which CBP had originally requested information on July 17, 2023, ███████████████████████████████████████████████████████████ ███████████████████████████████, and the ten entries for which CBP requested information on January 22, 2024. In other words, CBP has now provided plaintiff with the relief it has repeatedly stated, in both its filings and in appearances before the Court, that it needs to meet the conditions imposed by CBP when it reinstated plaintiff into CTPAT and the ET86 Test.

In short, plaintiff cannot show a basis for an expedited schedule as there is no further relief the Court can provide to plaintiff under the law, and plaintiff should consider voluntarily dismissing its claims.

For these reasons, the Government respectfully requests that the Court deny plaintiff's motion for expedited briefing and expedited consideration.

---

plaintiff. *See id.* at 1319 n.10 ("The House Report specifically noted in a footnote that a case challenging denial of disability benefits on which the plaintiff is dependent for subsistence presents an example of good cause.") (citations and internal quotation marks omitted).

[2] The Government has redacted the entirety of the June 11, 2024 letter in its public filing because Plaintiff has treated the entirety of CBP's May 31, 2024, letters as confidential. Because the Government's response includes reference to information contained in the June 11, 2024 letter, the Government is filing both confidential and public versions of its response.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

BY:    /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Nico Gurian
NICO GURIAN
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-0583 or 9230
Dated: June 11, 2024    *Attorneys for Defendant*