## UNITED STATES COURT OF INTERNATIONAL TRADE

SEKO CUSTOMS BROKERAGE, INC.

     Plaintiff,

v.

UNITED STATES,

     Defendant.

Before: Claire R. Kelly, Judge

Court No. 24-00097

## <u>ORDER</u>

Before the Court is Plaintiff Seko Customs Brokerage, Inc.'s ("Seko") motion for expedited briefing and expedited consideration filed on June 7, 2024. <u>See</u> ECF No. 29 ("Pl. Mot."). Defendant United States opposes the motion. <u>See</u> Def.'s Resp. Opp'n [Pl. Mot.], June 11, 2024, ECF No. 30 ("Def. Resp."). For the reasons that follow, Plaintiff's motion is denied.

On June 1, 2024, Seko filed its complaint and public motion for a preliminary injunction and temporary restraining order ("TRO") against Defendant. <u>See generally</u> Compl., June 1, 2024, ECF No. 1; Pub. Mot. Prelim. Injunct. & [TRO], June 1, 2024, ECF No. 8 ("Pub. Mot."). On June 3, 2024, the Court held a virtual conference requesting certain information from the parties. <u>See</u> Teams Conf., June 3, 2024, ECF No. 12. On June 4, 2024, the parties applied for a judicial protective order, which was granted by the Court. <u>See</u> Order, June 4, 2024, ECF No. 18. That same day, after entry of the judicial protective order, Defendant filed answers to the Court's questions, and Plaintiff filed its confidential complaint and confidential motion for a

preliminary injunction & TRO.  <u>See generally</u> Conf. Compl., June 4, 2024, ECF No. 19; Conf. Resp. Court's Req. Questions, June 4, 2024, ECF No. 20; Conf. Mot. Prelim. Injunct. & [TRO], June 4, 2024, ECF No. 21.  On June 6, 2024, Plaintiff filed its reply to Defendant's response to the Court's questions.  <u>See</u> ECF No. 23.

On June 7, 2024, the Court held a telephone conference with the parties to discuss the parties' responses to the Court's questions.  <u>See</u> Telephone Conf., June 7, 2024, ECF No. 27.  Later that day, Seko filed the instant motion.  <u>See generally</u> Pl. Mot.  On June 11, 2024, pursuant to the Court's instruction, Defendant responded to Plaintiff's motion.  <u>See generally</u> Def. Resp.

A party may request expedited briefing and consideration of an action by filing a motion with the Court demonstrating good cause for the request.  <u>See</u> 28 U.S.C. § 1657(a) ("each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief"); USCIT R. 3(g)(5) ("On motion for good cause or on its own the court may expedite the following actions and give them precedence over other pending actions . . . (5) Any other action that the court determines, based on motion and for good cause shown, warrants expedited treatment").  A party shows good cause warranting expedited briefing and consideration of the matter:

> [1] in a case in which failure to expedite would result in mootness or deprive the relief requested of much of its value, [2] in a case in which failure to expedite would result in extraordinary hardship to a litigant, or [3] actions where the public interest in enforcement of the statute is particularly strong.

<u>Ontario Forest Indus. Assoc. v. United States</u>, 30 CIT 1117, 1127 (2006) (citing H.R. REP. NO. 98-985, at 6 (1984), <u>as reprinted in</u> 1984 U.S.C.C.A.N. 5779, 5784); <u>see also</u> <u>J.D. Irving, Ltd. v. United States</u>, 570 F. Supp. 3d 1349, 1353 (Ct. Int'l Trade 2022).

Seko moves for expedited briefing and consideration on Seko's suspension from participation in the Automated Commercial Environment Entry Type 86 Test ("T86") and Customs-Trade Partnership Against Terrorism ("CTPAT") programs because: (1) the suspensions have caused losses to and jeopardized Seko's ongoing business and investments tied to T86 entry filings, and that further delay deprives the requested preliminary injunction, TRO, and declaratory relief of much of their value; and (2) failure to expedite the briefing and consideration of the matter imposes extraordinary hardship on Seko in the form of ongoing reputational harm.   Pl. Mot. at 2–6. Defendant opposes Seko's request, arguing that U.S. Customs and Border Protection ("CBP") has since provided Seko with detailed information concerning the identified violations and remedial actions it expects Seko to take to be unconditionally reinstated into both programs, and therefore cannot satisfy the requirements of good cause for its request.  Def. Resp. at 1.

Here, Seko cannot satisfy the good cause standard required for expedited briefing and consideration under Rule 3(g)(5).  First, there is no allegation that adherence to a normal briefing schedule will moot the case.  Second, Seko cannot demonstrate that un-expedited briefing will cause it to suffer from extraordinary hardship.  Seko has been conditionally reinstated and is currently participating in both CTPAT and the T86 programs.  <u>See</u> Exh. A: May 31 Letter to Seko re CTPAT

Program, May 31, 2024, ECF No 20-1 ("CTPAT Reinstatement"); Exh. B: May 31, 2024 Letter to Seko re T86 Program, May 31, 2024, ECF No. 20-2 ("T86 Reinstatement").  It has been provided with a detailed explanation of the underlying violations in the T86 program that led to its suspension under both programs so that it may take remedial action required by Customs and convert its 90-day conditional reinstatement into an unconditional reinstatement into both programs.  <u>See generally</u> Exh. A: June 11, 2024 Letter to Seko, June 11, 2024, ECF No. 31 (explaining Seko's T86 entry violations in detail); <u>see</u> CTPAT Reinstatement; T86 Reinstatement. Finally, Seko offers no reason for why it would be in the public interest to expedite briefing.  Therefore, in light of the foregoing, Seko's motion to expedite, <u>see</u> ECF No. 29, is denied.

   So ordered.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated:  June 12, 2024
     New York, New York