**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| SEKO CUSTOMS BROKERAGE, INC., <br>       *Plaintiff,* <br>   v. <br> UNITED STATES, <br>       *Defendant.* | Court No. **24-cv-00097** |

## PROPOSED ORDER

Upon consideration of Defendant's Motion To Extend The Time To File Its Reply In Support Of Defendant's Motion To Dismiss, Plaintiff's Response, and all of the pleadings and papers on file herein, and after due deliberation, it is hereby —

**ORDERED** that Defendant's Motion is DENIED; and it is further

**ORDERED** that Defendant shall file its Reply in accordance with the schedule originally set by the court, i.e., on or before August 26, 2024.

                   HON. CLAIRE R. KELLY, JUDGE

Dated: New York, New York

This _____day of _____, 2024.

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| SEKO CUSTOMS BROKERAGE, INC., *Plaintiff,*<br>v.<br>UNITED STATES, *Defendant.* | Court No. **24-cv-00097** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND THE TIME TO FILE ITS REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff, SEKO Customs Brokerage, Inc. ("Plaintiff" or "SEKO"), hereby respectfully submits its Response in opposition to Defendant's, United States Customs and Border Protection's ("Defendant" or "CBP"), Motion To Extend The Time To File Its Reply In Support Of Defendant's Motion To Dismiss ("Def.'s MTE"). *See* ECF No. 52. Defendant filed this motion on August 21, 2024, in which it sought an extension of fourteen (14) days to file its reply brief in support of Defendant's Motion To Dismiss. *See* ECF Nos. 35 and 36. Defendant has requested the additional time in order to have agency personnel review its draft reply for the following reasons: (1) "due to the necessity of incorporating and accurately explaining the dialogue between plaintiff and [CBP]"; and (2) "due to the novel nature of issues involved under review." Def.'s MTE at 2. However, as more fully described below, Defendant's motion fails to demonstrate good cause warranting such an extension. Further, granting such an extension would continue to impose significant hardship on SEKO as a result of the ongoing reputational damage caused by Defendant's requirement of a remedial action plan compelling SEKO to accept liability for third-party fraud where CBP has no statutory or regulatory basis to do so.

I. **Defendant Has Not Demonstrated Good Cause to Justify an Extension.**

Pursuant to Rule 6(b)(1)(A) of the Rules of the United States Court of International Trade ("USCIT"), the Court may, for "good cause," extend the time within which a party must act. *See* USCIT Rule 6(b)(1)(A). "Good cause," in turn, "requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule." *Aspects Furniture Int'l, Inc. v. United States*, 469 F. Supp. 3d 1359, 1364 (Ct. Int'l Trade 2020) (citing *HighPoint Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013)); *see also* Def.'s MTE at 2. Here, because the record before the Court already accurately reflects the dialogue between the Parties and the Defendant understood the issues well enough to move the Court to dismiss this case, Defendant has not met that test.

   A. ***All Pertinent Correspondences Between the Parties are Already in the Record.***

Defendant is seeking additional time to submit its reply "due to the necessity of incorporating and accurately explaining the dialogue between plaintiff and [CBP]". Def.'s MTE at 2. However, the record before the Court accurately reflects the communications between the Parties and has been sufficiently developed to record all pertinent communications from September 29, 2023, the date of CBP's first allegation of entry filing violations in light of SEKO's participation in the Automated Commercial Environment Entry Type 86 Test ("T86") and Customs-Trade Partnership Against Terrorism ("CTPAT") programs (*see* Plaintiff's Complaint ("Compl."), Ex. D (ECF Nos. 2 and 19)), to August 2, 2024. Accordingly, between the exhibits provided by Defendant in its filings and the correspondences Plaintiff has incorporated into its filings, the record before the Court accurately explains the dialogue between the Parties, as demonstrated by the following list of communications available in the record to this lawsuit:

- September 29, 2023 – CBP's initial allegation of T86 entry filing violations (*see* Compl., Ex. D (ECF Nos. 2 and 19));

- October 24, 2023 – SEKO's response to CBP's initial allegations (*see* Compl., Ex. E (ECF Nos. 2 and 19));

- January 22, 2024 – CBP's second judgement sample audit request of T86 entries (*see* Compl., Ex. F (ECF Nos. 2 and 19));

- January 30, 2024 – SEKO's response to CBP's second judgement sample audit request of T86 entries (*see* Compl., Ex. E (ECF Nos. 2 and 19));

- May 17, 2024 – CBP's suspension of SEKO from the CTPAT program (*see* Compl., Ex. A (ECF Nos. 2 and 19));

- May 20, 2024 – CBP's suspension of SEKO from the T86 program (*see* Compl. Ex. G (ECF Nos. 2 and 19));

- May 23, 2024 – SEKO's request for facts underlying CBP's suspensions of SEKO from the T86 and CTPAT programs (*see* Compl. Ex. B (ECF Nos. 2 and 19); Defendant's Motion To Dismiss And Opposition To Plaintiff's Application For A Temporary Restraining Order And Motion For A Preliminary Injunction ("Def.'s MTD"), Ex. D (ECF Nos. 35 and 36));

- May 31, 2024 – CBP's conditional reinstatements of SEKO into the T86 and CTPAT programs (*see* Compl., Ex. I (ECF Nos. 2 and 19));

- June 11, 2024 – CBP's letter providing general and vague information regarding the alleged violations (*see* Defendant's Response to Plaintiff's Motion for Expedited Briefing and Expedited Consideration, Ex. A (ECF Nos. 30 and 31));

- June 13, 2024 – SEKO's correspondence regarding its agreeability to a stay in this lawsuit (*see* ECF No. 44);

- June 21, 2024 – SEKO's correspondence indicating its issues with suspensions and remedial action plan requirement (*see* ECF No. 44);

- June 28, 2024 – SEKO's request for unconditional reinstatement into the T86 and CTPAT programs (*see* Plaintiff's Motion For Leave To File Reply in Support of Plaintiff's Application For Temporary Restraining Order And Motion For Preliminary Injunction, Ex. A (ECF No. 37));

- July 3, 2024 – CBP's denial of SEKO's request for unconditional reinstatement (*see* ECF No. 42);

- July 24, 2024 – SEKO's remedial action plan (*see* Plaintiff's Response to Def.'s MTD, Ex. A (ECF Nos. 50 and 51)).

3

- August 2, 2024 – CBP's denial of SEKO's remedial action plan (*see id.*, Ex. B (ECF Nos. 50 and 51)).

The record also demonstrates that the communications between the Parties have been in writing and the lack of CBP personnel available to comment on this documentation should not be a factor in deciding whether to grant Defendant's motion. Therefore, Defendant's attempt to justify its extension request "due to the necessity of incorporating and accurately explaining the dialogue between plaintiff and [CBP]" is without merit. Def.'s MTE at 2.

### B. *The Nature of the Issues Under Review is Not Novel to Defendant.*

In this case, Defendant is the movant to dismiss this action. *See* Def.'s MTD. As the movant seeking dismissal, it is inappropriate for Defendant to now claim that there is novelty when it was well aware of the factual and legal issues that have been presented in this case since the filing of the Complaint and the subsequent proceedings concerning Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction ("Plaintiff's Motion for TRO/PI") (ECF Nos. 8 and 21). As such, Defendant's request that the Court grant it an extension "due to the novel nature of the issues under review" should also fail. Def.'s MTE at 2.

## II. Granting the Extension Imposes Further Hardship on SEKO.

Defendant's failure to adhere to the Court's briefing schedule places a continuing burden on SEKO to produce a remedial action plan to address third-party fraud and violation allegations never substantiated while the government continues to delay these proceedings without providing legal substantiation for its actions.

As demonstrated in Plaintiff's Motion for TRO/PI, Plaintiff continues daily to suffer the irreparable financial and reputational harm associated with Defendant's initial suspension of SEKO from the T86 and CTPAT programs. Specifically, CBP's condition to require a remedial action plan also continues to damage SEKO's reputation in that it is being held accountable for

issues that were not caused by SEKO. Despite SEKO's submission of a remedial action plan to address the agency's allegations regarding violations of the T86 and CTPAT programs, CBP continues to hold SEKO liable for third-party fraud without any meaningful explanation or statutory or regulatory basis despite SEKO's repeated attempts to seek evidence, information, and legal basis for CBP's findings. *See* Plaintiff's Response to Def.'s MTD, Exs. A-B. Consequently, granting Defendant an additional two weeks to submit its Reply will continue the harm suffered by SEKO as a result of CBP's actions.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff, SEKO Customs Brokerage, Inc., respectfully requests that this Court deny Defendant's Motion To Extend The Time To File Its Reply In Support Of Defendant's Motion To Dismiss.

Dated: ___August 22, 2024___

Respectfully submitted,

_____
Eric R. Rock, Attorney

Serhiy Kiyasov
Austin J. Eighan
Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6191 (telephone)
erock@rocktradelaw.com (e-mail)

*Counsel For Plaintiff SEKO Customs Brokerage, Inc.*

## **CERTIFICATE OF COMPLIANCE**

    I, Eric R. Rock, hereby certify that this brief complies with the word-count limitation of the United States Court of International Trade set forth in Standard Chambers Procedure § 2(B)(1) because this brief contains 1,327 words. In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare this brief.

Respectfully submitted,

Dated:   August 22, 2024

Eric R. Rock, Attorney

Serhiy Kiyasov
Austin J. Eighan
Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6191 (telephone)
erock@rocktradelaw.com (e-mail)

*Counsel For Plaintiff SEKO Customs Brokerage, Inc.*

## CERTIFICATE OF SERVICE

I, Eric R. Rock, one of the attorneys for the Plaintiff, certify that a copy of the foregoing was served on all parties by filing a copy via the U.S. Court of International Trade's CM/ECF System, this Thursday, August 22, 2024.

Attorney-in-Charge
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza - Room 346
Civil Division
New York, NY 10278
(212) 264-9230
civil.itfoecf@usdoj.gov

Edward F. Kenny
Senior Trial Counsel
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-0480 or (202) 305-5216
edward.kenny@usdoj.gov

Nico Gurian
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-0583 or 9230
nico.gurian@usdoj.gov

Alexandra Khrebtukova
U.S. Customs & Border Protection
26 Federal Plaza, Suite 258
New York, NY 10278
(202) 845-6431
alexandra.khrebtukova@cbp.dhs.gov

Zachary Simmons
U.S. Customs & Border Protection
26 Federal Plaza, Suite 258
New York, NY 10278
(646) 341-2726
zachary.s.simmons@cbp.dhs.gov

Jennifer L. Petelle
U.S. Customs and Border Protection
Office of the Chief Counsel
1300 Pennsylvania Ave., NW
Washington, D.C. 20229
(202) 344-2940
jennifer.l.petelle@cbp.dhs.gov

                                                     Respectfully submitted,

Dated:   August 22, 2024

Eric R. Rock, Attorney

Serhiy Kiyasov
Austin J. Eighan
Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6191 (telephone)
erock@rocktradelaw.com (e-mail)

*Counsel For Plaintiff SEKO Customs Brokerage, Inc.*